1   **THE BAILEY LEGAL GROUP**
    John L. Bailey, Esq. (103867)
2   Therese Bailey, Esq. (171043)
    25014 Las Brisas So., Suite B
3   Murrieta, CA 92562
    (951) 304-7566
4   Fax: (951) 304-7571

5   Attorneys for Plaintiff Marinaj Properties, LLC

6

7              **UNITED STATES DISTRICT COURT**

8            **CENTRAL DISTRICT OF CALIFORNIA**

9

10  Marinaj Properties LLC                )    Case No. EDCV-01918-AH-MAA
                                          )
              Plaintiff,                  )    NOTICE OF MOTION AND
11  vs.                                   )    MOTION TO REMAND ENTIRE
                                          )    CASE TO STATE COURT;
12  Kevin Walker, Donnabelle Mortel       )    **REQUEST FOR SANCTIONS**
                                          )
13                                        )    Hearing:
              Defendants.                 )    Date: September 17, 2025
14  _____      )    Time:1:30 p.m.
                                               Judge: Hon. Judge Anne Hwang
15                                             Place: 350 W. 1st Street,
                                               Courtroom 9C, 9th Floor,
16                                             Los Angeles, California 90012

17  TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

18          PLEASE TAKE NOTICE that on September 17,2025, at 1:30 p.m., or as soon

19  thereafter as counsel may be heard, in Courtroom 9C of the above captioned court,

20  located at 350 W. 1st Street, Courtroom 9C, 9th Floor, Los Angeles, California 90012,

21  Plaintiff MARINAJ PROPERTIES LLC (hereinafter "Marinaj"), hereby moves this

22  Court for an order pursuant to 28 U.S.C. section 1447(c), remanding the entire action to

23  the state court because this Court lacks jurisdiction to hear the action, and the Notice of

24  Removal attempted by Kevin: Realworl dfare , aka Kevin Lewis Walker ("K. Walker") and

25  Donnabelle: Realworldfare aka Donnabelle Mortel ("Mortel") is defective in the following

26  respects:

27

28

                                   -i-

1. There is no federal cause of action or other grounds for federal question subject matter jurisdiction pursuant to 28 U.S.C. 1441(a), as Defendants Kevin:Realworldfare, formerly Kevin Walker ("K. Walker") notice is defective, as Defendants K. Walker and Donnabelle Mortel ("Mortel") already have a judgment against them in the Unlawful Detainer Action, Riverside Superior Court, case no. UDME25000465 (hereinafter "UD Action"), based on an unlawful detainer complaint.

2. A previous Notice of Removal was filed late pursuant to 28 U.S.C. 1446(a). K. Walker and Mortel were served with a Complaint in the UD Action after February 26, 2025. These individuals filed a response in that UD Action on or about March 22, 2025, and judgment was entered against these individuals on May 21, 2025.

3. The previous Notice of Removal was filed more than 70 days after they made their initial appearance in the UD Action for the real property commonly known as 31990 Pasos Place, Temecula, California ("Property" and/or"Subject Property"). The underlying action sought to be removed herein is the same unlawful detainer action which does not present a federal question, contrary to the conclusions made by K. Walker. This is not a civil rights case, and 28 U.S.C. Sec. 1443 simply does not apply.

4. The underlying UD Action Complaint only sought possession of the Property. The removal of the entire action pursuant to 28 U.S.C. 1447(c) is not proper, because the only cause of action in the UD Action does not involve a federal question

5. The within removal is improper, intended solely to delay the eviction of K. Walker and Mortel, and to drive up attorney's fees and costs. Defendants have been in possession of the Subject Property without paying rent and/or mortgage payments since August of 2023. In the previous removal of the action in case 5:25-cv-01450, the Court has already ordered the case to be remanded to the State Court.

6. Marinaj requests recovery of attorney's fees and costs from K. Walker in the sum of $2,800 plus costs in moving to remand and oppose this second frivolous removal of the action pursuant to 28 U.S.C. 1447(c) and pursuant to the Federal Rules of Civil

1    Procedure, Rule 11, and to enter a pre-filing order against Kevin Walker aka Kevin

2    Realworldfare and Donnabelle Mortel aka Donnabelle Realworldfare.

3         This motion should not be subject to the meet and confer requirements due to: (1)

4    Defendant Kevin Walker aka Kevin Realworldfare is not an attorney; (2) prior attempts

5    to meet and confer with K. Walker resulted in him calling all of moving party's filings

6    fraudulent and/or slanderous; and (3) counsel did call and left a message about the need

7    to meet and confer regarding this motion to remand and request sanctions; however, K.

8    Walker did not return counsel's call.

9         This motion is based on the notice of motion, the memorandum of points and

10   authorities, and the state court file in this action and related actions, of which judicial

11   notice is requested, the papers and documents filed in support of this motion, and upon

12   such oral argument and evidence as may be presented at the hearing on the motion.

13   DATED: August 14, 2025.        **THE BAILEY LEGAL GROUP**

14

15                       By: _____
         John L. Bailey

16                            Therese Bailey
         Attorneys for Plaintiff

17

18

19

20

21

22

23

24

25

26

27

28

-iii-

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. <u>Statement of Facts and Procedure</u>

The Bailey Legal Group represents Marinaj Properties, LLC, ("Marinaj Properties") and its principals (the Naji Doumit family).

In July of 2022, Kevin Walker ("Walker") and Donnabelle Mortel ("Mortel"), as trustees of the Memory Starburst Trust Dated June 23, 2021 ("2021 Starburst Trust"), acquired title to property commonly known as 31990 Pasos Place, Temecula, California ("Subject Property" and/or "Property") by way of a "Grant Deed" (recorded 7/19/22 as Doc. No. 2022-0320697).

Concurrently with their acquisition of the Property, Walker and Mortel, as trustees of the 2021 Starburst Trust, executed a first "Deed of Trust" in the face amount of $647,200 in favor of Sierra Pacific Mortgage Company, Inc. ("Sierra Pacific") and Mortgage Electronic Registration Systems, Inc. ("MERS") as lender/beneficiary, which also recorded on 7/19/22 as Doc. No. 2022-0320698, hereinafter the "First Deed of Trust."

Walker and Mortel, as well as their 2021 Starburst Trust and their successors/ transferees, defaulted on the August 1, 2023 payments due under the First Deed of Trust.

On or about August 20, 2024, Sierra Pacific recorded a Notice of Default, as Doc. No. 2024-0250048, under it's First Deed of Trust. Sierra Pacific ultimately sold the Subject Property at a non-judicial foreclosure trustee's sale held on December 27, 2024. Marinaj Properties purchased the Property for a cash bid of $884,000 and acquired title to the Property by way of a "Trustee's Deed Upon Sale" recorded on 1/17/2025 as Doc. No. 2025-0017386.

Unfortunately, Marinaj Properties had difficulty finding an unlawful detainer firm to represent it. However, Marinaj Properties was finally able to retain Barry Lee O'Connor and, on or about 2/26/2025, Barry Lee O'Connor & Associates, on behalf of Marinaj Properties, filed an unlawful detainer action, in the Superior Court for the State

1  of California County of Riverside entitled Marinaj Properties, LLC v. Kevin Walker, et
2  al., case no. UDME2500465 ("UD Action").

3      On or about April 16, 2025, Walker and Mortel caused to be filed a "Verified
4  Complaint for Quiet Title" with the Riverside Superior Court entitled WG Private
5  Irrevocable Trust, WG Express Trust, plaintiffs, vs. Marinaj Properties, LLC, et al.,
6  assigned case no. CVME2504043 ("Walker Civil Action"). On or about May 7, 2025
7  The Bailey Legal Group, on behalf of Marinaj Properties, filed an Answer to the Walker
8  Civil Action complaint, and concurrently filed a Cross-Complaint in that case for
9  declaratory relief, quiet title, and declaratory relief re implied indemnity /contribution
10  ("Marinaj Cross-Complaint").

11      In response to the UD Action and the Marinaj Cross-Complaint, Walker, who is
12  also known as Kevin:Realworldfare, on 6/2/2025, filed a Civil Complaint in the United
13  States Federal District Court, Central District of California, (case no. 5:25-cv-01357-
14  SSS-SP) against The Bailey Legal Group, Barry Lee O'Connor & Associates, and the
15  attorneys in those firms (John L. Bailey, Therese Bailey, and Barry Lee O'Connor,
16  respectively), as well as all the members of the Doumit family (Naji, his wife Mary, and
17  son Daniel), hereinafter "Case # 1357."

18      The federal civil action (Case #1357) has absolutely no merit whatsoever and was
19  brought by Walker to try and intimidate Marinaj Properties, its principals, attorneys, etc.
20  and to stall, delay and obstruct the UD Action. On or about June 16, 2025 The Bailey
21  Legal Group filed a motion to dismiss Case # 1357 on behalf of all the named
22  Defendants. A final ruling on the motion to dismiss has not yet been heard or ruled
23  upon.

24      In addition to the above Walker continues to file baseless, merit less removals,
25  motions, complaints, criminal referrals, etc against The Bailey Legal Group, Barry Lee
26  O'Connor & Associates, and the Doumit family, as well as several federal and state court
27  judges ALL for purposes of delaying and circumventing his and Mortels eviction from

28

-2-

the property, to wit :

(1)    WG Private Irrevocable Trust, WG Express Trust, USDC, Central District, case no. 5:25-cv-01434-SSS-DTB (Removal by Walker of the Walker Civil Action on 6/9/25 to the federal court. Remanded back to state court by Judge Sunshine S. Sykes on 7/22/25);

(2)    Marinaj Properties, LLC v. Kevin Realworldfare, et al., USDC, Central District, case no. 5:25-cv-01450-SSS-SP (Removal by Walker of the UD Action on 6/10/25 to the federal court. Remanded back to state court by Judge Sunshine S, Sykes on 7/24/25);

(3)    WG Private Irrevocable Trust, WG Express Trust, USDC, Central District, case no. 5:25-cv-01900-FMO-PD (2nd Removal of Walker Civil Action to the federal court filed by Walker on 7/23/25. Matter is still pending and the subject of an order to show cause why the matter should not be remanded and a pre-filing order issue set for August 22, 2025);

(4)    The within Marinaj Properties, LLC, v. Kevin Walker, et al., USDC, Central District, case no. 5:25-cv-01918 (2nd Removal of the UD Action to the federal court filed by Walker on 7/24/25;

(5)    Kevin:Realworldfare v. United States District Court for the Central District of    California, Riverside, Ninth Circuit Court of Appeals, case no. 25-4549 (Petition for Writ of Mandamus to disqualify Judge Sunshine S. Sykes in Case # 1357 filed by Walker on 7/22/25. Matter still pending before 9th Circuit);

(6)    United States of America v. Realworldfare, Ninth Circuit Court of Appeals, case no. 25-4875 (filed by K. Walker on 8/4/25 but no information is available yet on the Court's website and is still pending);

(7)    Marinaj Properties, LLC v Realworldfare, et al., Ninth Circuit Court of Appeals, case no. 25-4877 (filed by K. Walker on 8/4/25 and relates to case

1    5:25-cv-01450, and is still pending;

2    (8)    Realworldfare, et al., v United States District Court for the Central District

3    of California, Riverside, Ninth Circuit Court of Appeals, case no. 25-4573

4    (filed by K. Walker on 8/4/25 but no information is availale on the Court's

5    website and is still pending); and

6    (9)    Kevin:Realworldfare v. Judge Sunshine Suzanne Sykes "Verified Criminal

7    Complaint letter dated August 8, 2025 to Pam Bondi U.S. Department of

8    Justice, et. al, no case number assigned to date (Walker filed/submited a

9    criminal complaint and request for investigation by U.S. Dept of Justice,

10    State Bar of CA, Judicial Council of Ninth Circuit and House Judiciary

11    Committee against the Honorable Judge Sunshine S. Sykes, John Bailey,

12    Therese Bailey and The Bailey Legal Group "...into a deliberate and

13    treasonous conspiracy to defraud the United States, obstruct justice,

14    impersonate judicial authority, and deprive constitutional rights under color

15    of law...").

16    Walker's conduct, tactics, actions, procedural moves, filings, etc. have all the

17    characteristics and indicia of a "sovereign citizen" who files frivolous, vacuous, and

18    unsubstantiated litigation for the sole purpose of trying to intimidate, stall, delay and

19    obstruct his creditors from enforcing his/her/its rights and defenses against Mr. Walker,

20    and multiple aliases and fictitious entities he creates.

21    All of the above referenced court and criminal referral filings by Walker, including

22    but not limited to the Walker Civil Action, the removals of the UD Action and Civil

23    Action to the federal court, are clearly the actions of a purported "sovereign citizen"

24    trying to stall/obstruct Marinaj Properties from evicting them from the Subject Property

25    so Walker and Mortel, who defaulted on their loans can live on the Subject Property for

26    as long as possible (Aug. 1, 2023 to present).

27    The    within    Notice    of    Removal    is    purely    paper    terrorism    in    that

28

-4-

1   Donnabelle:Realworldfare (hereinafter "Mortel") and Kevin:Realworldfare (hereinafter

2   "K. Walker") had a judgment entered against them in the UD Action on May 21, 2025.

3   Rather than appeal, they waited an additional week to seek removal post-judgment,

4   further attempting to retain possession of the Property to drive up attorney's fees and

5   costs and harass Marinaj Properties.

6       As can be seen from the Request for Judicial Notice ("RJN"), Marinaj obtained its

7   interests in the Subject Property at 31990 Pasos Place, Temecula, California, by way of

8   a Trustee's Deed Upon Sale (RJN, Exhibit "1"). After obtaining title, Marinaj filed a

9   Complaint for possession via a UD Action on February 26, 2025 (RJN, Exhibit "2").

10      Thereafter, on or about March 22, 2025, K. Walker and Mortel filed their verified

11  response (RJN, Exhibit "5"). As can be seen from Defendants' response, it is a rambling

12  stream of consciousness and spouts numerous meritless, vague, and baseless claims of

13  interest in the Subject Property.

14      The Honorable Judge Sykes has already remanded the UD Action once back to the

15  State Court, as she has with regard to the State Court Civil Action. K. Walker's frivolous

16  attempts to argue nonsense and/ro assert existence of violation of civil rights should be

17  disregarded. There is no factual support or evidence to support his conclusions.

18      K. Walker's "new" Notice of Removal is nothing more than a second improper

19  removal in an attempt to delay eviction from the Subject Property, which K. Walker and

20  Mortel have no record interest in or to. They are squatting and refusing to vacate. The

21  within removal notice is untimely as a matter of law, and the matter should be remanded

22  and a pre-filing order entered against K. Walker and Mortel at this time.

23                          II. Points and Authorities

24  **A.   This Action is Not Removable, Because It is Not Founded Upon a Claim or
        Right Arising Under the Constitution, Treaties or Laws of the United States.**
25

26      1.   This Action is not Removable on the Basis of Federal Question Subject
             Matter Jurisdiction.

27  Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction

28

1  only over matters authorized by the Constitution and Congress. See, e.g., *Kokkonen v.*
2  *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove an
3  action to federal court based on federal-question or diversity jurisdiction .. 28 U.S.C.
4  §1441(a). But a "strong presumption" exists against removal; as a result, "it is to be
5  presumed that a cause lies outside the limited jurisdiction of the federal courts and the
6  16 burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter*
7  *v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (alterations omitted) (quoting
8  *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2005). A removed action
9  must be remanded to state court if the federal court lacks subject-matter jurisdiction, 28
10  U.S.C. § 1447(c), and the Court must resolve "all ambiguity in favor of remand to state
11  court." *Hunter*, 582 F.3d at 1042; see also *Gaus v. Miles, Inc.*, 980 F.2d 564,566 (9th Cir.
12  1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of
13  removal in the first instance. ").

14      "The presence or absence of federal-question jurisdiction is governed by the 'well-
15  pleaded complaint rule,' which provides that federal jurisdiction exists only when a
16  federal question is presented on the face of the plaintiffs properly pleaded complaint."
17  *Caterpillar, Inc.* v. *Williams*, 482 U.S. 386, 392 (1987). A plaintiff may therefore avoid
18  federal jurisdiction by relying exclusively on state law, and "federal jurisdiction cannot
19  be predicated on an actual or anticipated defense." *Vaden* v. *Discover Bank,* 556 U.S. 49,
20  60 (2009); *see also Hunter*, 582 F.3d 1039, 1042-43 (9th Cir. 2009) ("It is settled law that
21  a case may not be removed to federal court on the basis of a federal defense." (internal
22  quotation marks omitted)).

23      Courts have repeatedly held that unlawful-detainer actions do not present a federal
24  question. *Aurora Loan Servs.* v. *De La Rosa*, No. 11-912, 2011 U.S. Dist: LEXIS 69217,
25  at *3 (C.D. Cal. June 27,2011); *see also IndyMac Fed. Bank, F.s.E.* v. *Ocampo*, No. 09-
26  2337,2010 WL 234828, at *2 (C.D. Cal. Jan. 13,2010) (sua sponte remanding an action
27  to state court for lack of subject matter jurisdiction where plaintiffs complaint contained
28

-6-

1  only an unlawful detainer claim); *Galileo Fi.* v. *Miin Sun Park,* No. 09-1660, 2009 WL

2  3157411, at *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for

3  unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the

4  face of the complaint, it is clear that no basis for federal question jurisdiction exists.").

5  Additionally, the Complaint does not allege any other federal question, and the litany of

6  federal defenses K. Walker and Mortel raise are not relevant with regard to jurisdiction.

7  *Vaden,* 556 U.S. at 60; *Hunter,* 582 F.3d at 5 1042--43. The Court therefore does not

8  have federal-question jurisdiction over this case under § *1331.*

9      For a federal court to exercise diversity jurisdiction, there must be "complete"

10  diversity between the parties, and the amount in controversy must exceed $75,000.00,

11  exclusive of interest and costs. 28 U.S.C. § 1332(a). Under the "legal certainty"

12  standard, a federal court lacks subject-matter jurisdiction under § 1332 where "upon the

13  face of the complaint, it is obvious that the suit cannot involve the necessary amount."

14  *Geographic Expeditions, Inc.* v. *Estate of Lhotka ex reI. Lhotka,* 599 F.3d 1102, 1106

15  (9th Cir. 2010) (quoting *St. Paul Mercury Indemnity Co.* v. *Red Cab Co.,* 303 F.3d 283,

16  292 (1938)).

17      Additionally, in unlawful detainer actions, title to the property is not the object of

18  the litigation, but only the right to possession. See *Evans v. Superior Court* 67

19  Cal.App.3d 162, 170 (1997). Clearly, by and through the Complaint, Marinaj only

20  sought possession of the Property, not title to it.

21  **B.    There Have Been No Civil Rights' Claims Asserted in the Marinaj Complaint**

22      K. Walker goes to great lengths to assert that his notice of removal is based solely

23  on 28 U.S.C. 1443, which provides:

24      "**Any of the following civil actions** or criminal prosecutions, commenced
        in a **State court** may be removed by the defendant to the district court of the
25      **United States** for the district and division embracing the place wherein it is
        pending:

26

27      (1) Against any person **who is denied or cannot enforce in the courts of
        such State** a right under any law providing for the equal civil rights of citizens of
        the **United States**, or of all persons within the jurisdiction thereof;

28

-7-

1          (2) For **any act under color of authority** derived from any law providing
2    for equal rights, or for refusing to do any act on the ground that it would be
    inconsistent with such law." (Emphasis added)

3          K. Walker does not provide any facts, circumstances or evidence to support his

4    conclusionary arguments that sound in sovereign citizen nonsense. Merely because K.

5    Walker asserts that he is being deprived of due process or equal protection, does not

6    make it so. There is absolutely no evidence before this Court that anyone has obstructed

7    any of K.Walker's rights. On the contrary, it is K. Walker who is attempting to prevent

8    due process and Marinaj Properties from exercising its rights over property it owns.

9          K. Walker identifies himself as a "**non-domestic without the United States**," a

10   "private American national," "not a resident and not a U.S. citizen under the Fourteenth

11   Amendment. .." However he describes himself, K. Walker, like other sovereign citizens,

12   believes that he can obtain bizarre relief by using the right language or documents. K.

13   Walker claims he can remove a simple unlawful detainer case, because the lower courts

14   disregard his "perfected and recorded UCC security interest..." or "ignored and refused

15   to adjudicate unrebuffed verified affidavits constituting binding judicial admissions..."

16   K. Walker's frivolous assertions and conclusions sound in sovereign citizen and this

17   Court should disregard this nonsense and put an end to the damages Marinaj is incurring.

18   There is authority for this Court to disregard Walker's removal.

19         Sovereign citizen filings are a nuisance to the court system and can be (and often

20   are) dismissed out of hand . See, e.g. , *Hopper v. Addams*, Case No. 24-cv-02129-TLB,

21   2024 WL 4730595. at *2 (W.D. Ark. Oct. 21, 2024) . ("It is well established in the

22   Eighth Circuit that claims based on sovereign citizen ideology are inherently frivolous

23   and should be summarily dismissed as a waste of judicial resources "); *United States v.*

24   *Benabe*, 654 F.3d 753,767 (7th Cir. 2011) (recommending that sovereign citizen

25   arguments "be rejected summarily, however they are presented").

26         These arguments are highly similar to those made by sovereign citizens, which

27   courts  have uniformly rejected."); *Vachon v. Reverse Mortgage Solutions, Inc.*, Case

28

1  16-cv-02419-DMG-KES, 2017 WL 6628103, at *5 (C.D. Cal. Aug. 11, 2017) (rejecting

2  as "patently frivolous" sovereign citizen's gold standard, redemption, and vapor money

3  theories); *Bey v. Geiser*, Case No. 5:19-cv-844 JGB-KKx, 2019 6 WL 12447340, at *1

4  (C.D. Cal. May 21, 2019) ("Courts across the country have uniformly rejected such

5  'sovereign citizen' theories as frivolous, irrational, or unintelligible."). The sovereign

6  citizen theories are inherently and incurably frivolous. Accordingly, the Court should

7  remand the matter at this time as 28 U.S.C. 1443 simply does not apply to this UD

8  Action.

9  **C.    The Notice of Removal is Untimely.**

10  Pursuant to Title 28 of the United States Code section 1441(a), a defendant may

11  remove an action to federal court if the district court has original jurisdiction. 28 U.S.C.

12  § 1441(a); *Hunter v. Phillip Morris USA,* 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting

13  Ansley v. *Ameriquest Mortg. Co.,* 340 F.3d 858, 861 (9th Cir. 2003)). If at any time

14  before final judgment it appears that the district court lacks subject matter jurisdiction,

15  the case shall be remanded.  28 U.S.C. § 1447(c). Generally, a defendant seeking to

16  remove an action to federal court must file a notice of removal within thirty days of

17  receiving a copy of the initial pleading. 28 U.S.C. §1446(b ). The defendant seeking

18  removal of an action to federal court has the burden of establishing federal jurisdiction

19  in the case. *California ex rei. Lockyer v. Dynegy, Inc.,* 375 Fj.3d 831,838 (9th Cir. 2004).

20  *Timeliness*

21  Title 28 of the United States Code section 1446 provides, in pertinent part:

22  (a) A defendant or defendants desiring to remove any civil action ... from
a State court shall file in the district court of the United States for the district and
23  division within which such action is pending a notice of removal signed pursuant
to Rule II of the Federal Rules of Civil Procedure and containing a short and plain
24  statement of the grounds for removal, together with a copy of all process,
pleadings, and orders served upon such defendant or defendants in such action.
25  (b) The notice of removal of a civil action or proceeding shall be filed
within thirty days after the receipt by the defendant, through service or otherwise,
26  of a copy of the initial pleading setting forth the claim for relief upon which such
action or proceeding is based, or within thirty days after the service of summons
27  upon the defendant if such initial pleading has then been filed with the court and
is not required to be served on the defendant, whichever period is shorter.

28

1           If the case stated by the initial pleading is not removable, a notice of
2    removal may be filed within thirty days after receipt by the defendant, through
    service or otherwise, of a copy of an amended pleading, motion, order or other
    paper from which it may first be ascertained that the case is one which is or has
3    become removable ...." (Emphasis added)

4         Here, a copy of the complaint for unlawful detainer (RJN, Exhibit "2"), and

5    Defendants' response to the complaint in the Riverside Superior Court action, case

6    number UDME2500465 (RJN, Exhibit "5") demonstrate  Defendants' response in the

7    state court action was filed on March 22, 2025 (RJN, Exhibit "5"). K. Walker waited

8    more than 70 days after Defendants' responsive pleading was filed in the State Court UD

9    Action, and it follows even more time has  elapsed following the Honorable Judge

10   Syke's remand order to K. Walker's first removals. As a result, the instant removal is

11   untimely. 28 U.S.C. § l446(b ).

12   ### *Jurisdiction*

13        Defendants are attempting to also remove the UD Action based on conclusionary

14   arguments. Defendants cannot establish jurisdiction that is proper as there are no civil

15   rights violations of anykind presented to this Court. Federal courts are courts of limited

16   jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can

17   adjudicate only those cases authorized by the United States Constitution and Congress.

18   Generally, those cases involve diversity of citizenship or a federal question, or cases in

19   which the United States is a party. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375,

20   114 S.Ct. 1673, 1677 (1994); *Finley v. United States, 490* U.S. 545, 109 S.Ct. 2003, 2008

21   (1989). Federal courts are presumptively without jurisdiction over civil actions.

22   *Kokkonen,* 511 U.S. at 377. Lack of subject matter jurisdiction is never waived and may

23   be raised by the Court *sua sponte. Attorneys Trust v. Videotape Computer Products, Inc.,*

24   93 F.3d 593,594-95 (9th Cir. 1996). "Nothing is to be more jealously guarded by a court

25   than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is

26   nothing." *In re Mooney,* 841 F.2d 1003, 1006 (9th Cir. 1988).

27        Furthermore, the law is clear in the Ninth Circuit that the removal statute should

28

1   be strictly construed in favor of remand and against removal. *Harris v. Bankers Life and*

2   *Cas. Co,* 425 F.3d 689, 698 (9th Cir. 2005). The "strong presumption" against removal

3   jurisdiction means that the defendant always has the burden of establishing that removal

4   is proper. *Nishimoto v. Federman-Bachrach & Assocs.,* 903 F.2d 709, 712 n. 3 (9th Cir.

5   1990); *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir. 1988). Federal

6   jurisdiction must be rejected if there is any doubt as to the right of removal in the first

7   instance. *Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992).

8         In this case, K. Walker is unable to establish subject matter jurisdiction before this

9   Court because the complaint filed in the state court in the UD Action contains a single

10  cause of action for unlawful detainer based on California Code of Civil Procedure

11  section 1161a. Unlawful detainer actions are strictly within the province of state court.

12  Defendants' attempt at creating federal subject matter jurisdiction by adding claims or

13  defenses to a notice of removal will not succeed. *See Catee v. Capital One, F.S.B.,* 479

14  FJd 1143, 1145 (9th Cir. 2007) (even previously asserted counterclaims raising federal

15  issue will not permit removal). Therefore, Defendants' references to Title 42 of the

16  United States Code section 1983 and other Constitutional provisions are of no effect.

17        In determining the presence or absence of federal jurisdiction in removal cases,

18  the "'well-pleaded complaint rule," applies which provides that federal jurisdiction exists

19  only when a federal question is presented on the face of the plaintiffs properly pleaded

20  complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386,392 (1987). Plainly, Plaintiff

21  MARINAJ's unlawful detainer complaint raises only a state law claim. Moreover, "it is

22  well established that plaintiff is the 'master of her complaint' and can plead to avoid

23  federal jurisdiction." *Lowdermilk v. u.s. Bank Nat'l Ass'n,* 479 F.3d 994, 997-98 (9th Cir.

24  2007); *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63 (1987) (citing *Gully v. First*

25  *Nat 'I Bank,* 299 U.S. 109 (1936)). ("It is long settled law that a cause of action arises

26  under federal law only when the plaintiffs well-pleaded complaint raises issues of federal

27  law").

28

-11-

1     Accordingly, "a case may not be removed on the basis of a federal defense ... even

2 if the defense is anticipated in the plaintiffs complaint and both parties concede that the

3 federal defense is the only question truly at issue." *Caterpillar, Inc.* v. *Williams,* 482 U.S.

4 386, 392 (1987); *see also Vaden* v. *Discover Bank,* 556 U.S. 49, 70 (2009) ("It does not

5 suffice to show that a federal question lurks somewhere inside the parties' controversy,

6 or that a defense or counterclaim would arise under federal law.").

7     Here, defendant has not shown that removal of this action to this federal court is

8 appropriate. Plaintiff's complaint in this case is a straight-forward unlawful detainer

9 action that is based entirely on state law. There is no federal question present in the

10 complaint (RJN, Exhibit "2"). Moreover, even assuming that K. Walker and Mortel can

11 assert a federal defense, they cannot use that anticipated defense as the basis for removal

12 because the defensive invocation of federal law cannot form the basis of this court's

13 jurisdiction. *See Vaden,* 556 U.S. at 70; *Caterpillar,* 482 U.S. at 392; *California v.*

14 *United States, 215* F.3d 1005, 1014 (9th Cir. 2006).

15     Because there is no federal question appearing in plaintiff's complaint in this case,

16 K. Walker and Mortel have failed to properly invoke this court's jurisdiction. Remand

17 of this case to the Riverside County Superior Court is appropriate and mandatory. 28

18 U.S.C. § 1447(c); *Geographic Expeditions,* 559 F.3d at 1107.

19 **D.**   **Defendant K. Walker Should Pay Moving Parties' Costs and Attorney's Fees**
20      **Pursuant to 28 U.S.C. 1447(c) and Also Pursuant to Federal Rules of Civil**
     **Procedure, Rule 11, as Sanctions.**

21     28 U.S.C §1447(c) provides as follows

22 "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of
23 removal under section 1446(a). If at any time <u>before final judgment</u> it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An
24 order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified
25 copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case." (Emphasis added)

26

27 Here, K. Walker's second remand is sought because he conclusionarily argues 28

28 U.S.C. 1443 applies. None of the claims asserted by Marinaj are federal claims or any

other way removable by K. Walker and Mortel, who failed to meet their burden to show
federal subject matter jurisdiction, so any doubts must be resolved against removal. See
*Mangini v. RJ Reynolds Tobacco Co.*, (N.D. Cal 1992) 793 F. Supp. 925, at 927. Since
K. Walker failed to verify that this case was removable before filing their notice of
removal, moving party requests the just costs and actual expenses it has incurred
including attorney's fees as a result of this second removal, in the total sum of $2,800
(plus costs.)

It is hereby requested that the plaintiff be awarded its "just costs and any actual
expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §
1447(c); see also *Balcorta* v. 20th Century Fox, 208 F.3d 1102 (9th Cir. 2000); *Moore v.
Permanente Medical Group, Inc.*, 981 F.2d 443, 446-47 (9th Cir. 1992). Such an award
does not require a finding of "bad faith," or that the removal was "frivolous" or
"vexatious." Indeed, fees may be awarded even where the removal was "fairly
supportable." See *Balcorta*, 208 at 1106 n.6; *Moore*, 981 F.2d at 447. Thus, whether or
not such an award is appropriate is within the discretion of the trial court. Plaintiff
requests that those fees be awarded at this time.

**E.    This Court Should Issue a Pre-Filing Order for Kevin Realworldfare, K.
Walker, Kevin Walker, or Any Other Alleged Real Party in Interest Used by
K. Walker and Mortel.**

The federal court has inherent authority to manage the dockets and prevent abuse
of the judicial process. As can be seen from the Notice of Related Cases, Kevin
Realworldfare, and whatever other names and fictitious entities and/or Mortel and K.
Walker utilize as set forth above are intended to delay. The on-going abuse of the process
to harass, delay and prevent Marinaj Properties from taking possession of the Property
it purchased at a foreclosure sale in December 2024 (see RJN, Exhibit "1") is improper.
In order to prevent the continued harassment and frivolous filings, it is requested the
Court issue a pre-filing order against Mortel and/or K. Walker and the various real
parties in interest they utilize, including Kevin Realworldfare, K. Walker, Kevin Walker,

1   and Donnabelle Mortel and/or Donnabelle Realworldfare. The numerous pleadings in

2   both the state and federal courts regarding the Subject Property, all of which lack merit

3   and are intended to harass and vex in a pattern of abusive litigation, warrants such a pre-

4   filing order under Federal Rule 11 as a sanction.

5        Such an order would be effective to prevent continued abuse of the judicial

6   process. The amount of time, costs, attorney's fees, and waste of judicial resources these

7   frivolous pleadings have consumed is significant, as this judicial system is already

8   overburdened and vexed. The "paper terrorism" needs to end. A pre-filing order is

9   appropriate for the protection of judicial integrity of the litigants herein. The pre-filing

10  order should have a requirement that Mortel and K. Walker, by and through their various

11  real parties in interest (identities), including Kevin Realworldfare, K. Walker, Kevin

12  Lewis Walker, Kevin Walker Estate, Kevin L. Walker, and Donnabelle Mortel, obtain

13  leave of the Court before filing any new lawsuit or pleading in this Court as it affects,

14  concerns or relates to the Subject Property, Marinaj Properties, and/or its principals,

15  attorneys, and representatives.

16  **F.    There is No Basis or Evidence That Would Support a Disqualification of
        Judge Sunshine Sykes.**

17
18       Contrary to K. Walker's second notice of removal, there is no evidence of bias that

19  would support immediate disqualification of the Honorable Judge Sykes. All of the

20  pleadings and paperwork filed to date are conclusory and lack any substance under

21  28 U.S.C. 144 and 28 U.S.C. 455.

22       K. Walker has not articulated any basis to question the impartiality of Judge Sykes,

23  who has not acted as a lawyer or fiduciary, and/or alleged that her spouse has any

24  relationship with the parties. Accordingly, K. Walker's motion to disqualify Judge Sykes

25  as being automatically disqualified is not supported, which is why Judge Sykes denied

26  both of his motions to disqualify. K. Walker has not proven any judicial bias, and he has

27  not provided a detailed affidavit stating specific facts and a reason for his belief. Instead,

28  K. Walker asserts he does not like the prior rulings of this Court and/or the Court's

-14-

1  failure to rule on his numerous frivolous pleadings, which does not equal bias or
2  prejudice.

3      In light of all of the above, this Court should not delay enforcement of the
4  judgment for possession entered in the UD Action any further. K. Walker has continued
5  to reside at the Subject Property despite judicial foreclosure in December of 2024, and
6  his repeated removals to stay his eviction should not be tolerated.

### III. **Conclusion**

8      For the foregoing reasons, moving party/Plaintiff Marinaj requests that this entire
9  action be remanded to the Superior Court in the County of Riverside, Menifee. Moving
10  Party also requests that Kevin:Realworldfare aka Kevin:Walker, K. Walker pay moving
11  party's costs and attorneys fees in the sum of $2,800 (plus costs) in moving to remand
12  and oppose the frivolous removal of this action, pursuant to 28 USC §1447(c), and
13  pursuant to Federal Rules of Civil Procedure, Rule 11. This Court should also issue a
14  pre-filing order.

16  DATED: August ⎁, 2025.        **THE BAILEY LEGAL GROUP**

18                  By: _____
                        John L. Bailey
19                      Therese Bailey
                        Attorneys for Plaintiff

-15-

**PROOF OF ELECTRONIC SERVICE**

1.     I am at least 18 years old.

       a. My business address is 25014 Las Brisas, Suite B, Murrieta, CA 92562.

       b. My electronic service address is klacroix@tblglaw.com

2.     I electronically served the following documents:

       Plaintiff's Notice of Motion, Motion to Remand, etc.

3.     I electronically served the documents listed in 2 as follows:

       Name of person served: Kevin Walker aka Kevin:Realworldfare

       Electronic service address of person served: team@walkernovagroup.com

       On August 14, 2025

Date: August 14, 2025

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Kathi Greenough

-16-